## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAFE SKIES CLEAN WATER WISCONSIN, INC, | ) <br> ) <br> ) <br> ) |
| Plaintiff | ) <br> ) |
| v. | )   Civil Case No. 21-634 (CKK) |
| UNITED STATES AIR FORCE, *et al.*, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) <br> ) |

### ANSWER

Pursuant to Federal Rules of Civil Procedure 8 and 12, defendants United States Air Force, John P. Roth, Acting Secretary of the Air Force, National Guard Bureau, and General Daniel R. Hokanson, Chief, National Guard Bureau (collectively "Defendants") hereby answer Plaintiff's Complaint, ECF No. 1. The numbered paragraphs and sections of this Answer correspond to the numbered paragraphs and sections of the Complaint.

### INTRODUCTION[1]

1.      The allegations in this Paragraph consist of Plaintiff's characterizations of its claims, to which no response is required. To the extent a response is required, Defendants deny the allegations.

---

[1]      The headings in this Answer correspond to the major headings in the Complaint, and Defendants include them solely to provide convenient reference to the Complaint. They do not form any part of the Answer. To the extent the headings in the Complaint or the Answer include substantive allegations, Defendants deny them.

2.      This Paragraph provides Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

3.      Defendants admit the allegations in this Paragraph.

4.      Defendants admit the allegations in this Paragraph.

5.      Defendants admit the allegations in this Paragraph.

6.      Defendants admit the allegations in this Paragraph.

7.      Defendants admit that the "proposed F-35A fighter jets" are expected to fly more frequently than "the F-16 jets currently based at Truax Field."  Defendants deny that the F-35A will be louder than the F-16.  Defendants lack information sufficient to form a belief as to the truth of the remainder of the allegations in this Paragraph, and therefore deny those allegations.

8.      Defendants deny the allegations in this Paragraph.

**JURISDICTION**

9.      Defendants admit that 28 U.S.C. § 1331 confers jurisdiction on this Court to hear claims "arising under" the laws of the United States.  The remaining allegations in this Paragraph provide Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

10.     This Paragraph provides Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

11.     This Paragraph provides Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

## VENUE

12.     This Paragraph provides Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

## PARTIES

13.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

14.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

15.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

16.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

17.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

18.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

19.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

20.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

21.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

22.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

23.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

24.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

25.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

26.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

27.     Defendants admit the allegations in this Paragraph.

28.     Defendants admit the allegations in this Paragraph.

29.     Defendants admit the allegations in this Paragraph.

30.     Defendants admit the allegations in this Paragraph.

31.     Defendants admit that the National Guard Bureau ("NGB") is a co-lead agency for the Environmental Impact Statement pursuant to 40 C.F.R. §§ 1501.5 and 1508.5.

32.     Defendants admit that the Air Force and NGB are agencies of the federal government.  The remaining allegations in this Paragraph purport to quote and/or characterize Federal statutes and regulations.  Those laws are the best evidence of their contents and Defendants deny any allegations inconsistent with them.  Otherwise, the allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations.

33.     Defendants admit the allegations in this Paragraph.

## FACTUAL BACKROUND

**The Air Force Listed Effects of F-35As in Five Locations in one Environmental Impact Statement even though Two Locations Had Already Been Selected for the F-35As**

34.     Defendants admit the allegations in this Paragraph.

35.     Defendants admit that in December 2016, the Air Force announced it had selected five locations as candidate bases for locating F-35A jets:  Dannelly Field Air Guard Station (AGS), Montgomery, Alabama; Gowen Field AGS, Boise, Idaho; Jacksonville AGS, Jacksonville, Florida; Selfridge Air National Guard Base, Detroit, Michigan; and Truax AGS, Madison, Wisconsin.

36.     Defendants deny the allegations in this Paragraph.

37.     Defendants admit that the draft Environmental Impact Statement ("DEIS") discussing five locations was released in August of 2019.  Defendants deny the remaining allegations in this Paragraph.

38.     Defendants admit that the final EIS ("FEIS") was released on February 28, 2020 and that the Record of Decision ("ROD") was signed on April 14, 2020.  Defendants deny the remaining allegations in this Paragraph.

## CLAIMS FOR RELIEF

### Count I
### Violation of NEPA – Predetermination of Outcome

39.     Defendants adopt by reference their responses to Paragraphs 1-38.

40.     The allegations in this Paragraph purport to quote and/or characterize a Federal statute.  That statute is the best evidence of its contents and Defendants deny any allegations inconsistent with it.  Otherwise, the allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations.

41.     Defendants admit that in December 2016, the Air Force announced it had selected five locations as candidate bases for locating F-35A jets:  Dannelly Field AGS, Montgomery, Alabama; Gowen Field AGS, Boise, Idaho; Jacksonville AGS, Jacksonville, Florida; Selfridge Air National Guard Base, Detroit, Michigan; and Truax AGS, Madison, Wisconsin.

42.     Defendants deny the allegations in this Paragraph.

43.     The allegations in this Paragraph purport to characterize the DEIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the DEIS they are denied.  Otherwise, this Paragraph provides Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

44.     The allegations in this Paragraph purport to quote and/or characterize the FEIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the FEIS they are denied.

45.     The allegations in this Paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the FEIS they are denied.

46.     The allegations in this Paragraph purport to quote and/or characterize the ROD, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the ROD they are denied.

47.     The allegations in this Paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the FEIS they are denied.

48.    Defendants deny the allegations in this Paragraph.

49.    The allegations in this Paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the FEIS they are denied.

50.    The allegations in this Paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the FEIS they are denied.

51.    Defendants deny the allegations in this Paragraph.

**COUNT II**
**Violation of NEPA – Failure to Take a Hard Look at the Detrimental Noise Impacts that F-35As will have on the Quality of Life of People in Madison, WI**

52.    Defendants adopt by reference their responses to Paragraphs 1 through 51.

53.    The allegations in this Paragraph purport to quote and/or characterize a Federal statute.  That statute is the best evidence of its contents; to the extent the allegations are inconsistent with it they are denied.  Otherwise, the allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations.

54.    This Paragraph provides Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

55.    The allegations in this Paragraph purport to quote and/or characterize the FEIS and ROD, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the FEIS and ROD they are denied.

56.     The allegations in this Paragraph purport to quote and/or characterize the FEIS and ROD, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the FEIS and ROD they are denied.

57.     The allegations in this Paragraph purport to characterize the FEIS and ROD, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the FEIS and ROD they are denied.  Otherwise, this Paragraph provides Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

58.     The allegations in this Paragraph purport to characterize the FEIS and, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the FEIS they are denied.  Otherwise, this Paragraph provides Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

59.     The allegations in this Paragraph purport to characterize the FEIS and ROD, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the FEIS and ROD they are denied.  Otherwise, this Paragraph provides Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

60.     The allegations in this Paragraph purport to characterize the FEIS and ROD, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the FEIS and ROD they are denied.  Otherwise, this Paragraph provides Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

61.     The allegations in this Paragraph purport to characterize the FEIS and ROD, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the FEIS and ROD they are denied.  Otherwise, this Paragraph provides Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

62.     The allegations in this Paragraph purport to characterize the FEIS and ROD, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the FEIS and ROD they are denied.  Otherwise, this Paragraph provides Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

63.     Defendants deny the allegations in this Paragraph.

64.     The allegations in this Paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the FEIS they are denied.  Otherwise, this Paragraph provides Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

65.     The allegations in this Paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the FEIS they are denied.  Otherwise, this Paragraph provides Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

66.     Defendants deny that F-35As at Hill Air Force Base use afterburners 100% of the time for takeoff.  The remaining allegations in this Paragraph provide Plaintiff's legal

conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

67.     Defendants admit that the use of afterburners increases the noise created by a jet. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore deny those allegations.

68.     The allegations in this Paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the FEIS they are denied.  Otherwise, this Paragraph provides Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

**COUNT III**
**Violation of NEPA – Failure to Consider Cumulative Impacts of Increased PFAS and other Pollutants on Already Polluted Drinking and Groundwater**

69.     Defendants adopt by reference their responses to Paragraphs 1-68.

70.     The allegations in this Paragraph purport to quote and characterize a Federal regulation.  That regulation is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

71.     This Paragraph provides Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

72.     Defendants deny the allegations in this Paragraph.

73.     Defendants admit that there are sites with PFAS contamination at Truax Field. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore deny those allegations.

74.     Defendants deny the allegations in this Paragraph.

75.    Defendants deny the allegations in this Paragraph.

76.    The allegations in this Paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the FEIS they are denied.  Otherwise, this Paragraph provides Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

77.    Defendants deny the allegations in this Paragraph.

78.    Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny those allegations.

79.    The allegations in this Paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; to the extent any allegations are inconsistent with the FEIS they are denied.  Defendants deny the remaining allegations in this Paragraph.

80.    The allegations in this Paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the FEIS they are denied.  Otherwise, this Paragraph provides Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

81.    The allegations in this Paragraph purport to characterize the FEIS and ROD, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the FEIS and ROD they are denied.  Otherwise, this Paragraph provides Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

## COUNT IV
## Violation of NEPA – Failure to Adequately Consider Environmental Justice

82.     Defendants adopt by reference their responses to Paragraphs 1-81.

83.     The allegations this Paragraph purport to characterize provisions of an Executive Order, which speaks for itself and is the best evidence of its contents; to the extent any allegations are inconsistent with the Executive Order they are denied.

84.     The allegations in this Paragraph purport to characterize the FEIS and ROD, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the FEIS and ROD they are denied.  Otherwise, this Paragraph provides Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

85.     The allegations in this Paragraph purport to characterize the FEIS and ROD, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the FEIS and ROD they are denied.  Otherwise, this Paragraph provides Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

86.     The allegations in this Paragraph purport to quote and/or characterize the FEIS and ROD, which speak for themselves and are the best evidence of their contents; to the extent any allegations are inconsistent with the FEIS and the ROD they are denied.

87.     The allegations in this Paragraph purport to quote and/or characterize the FEIS and ROD, which speak for themselves and are the best evidence of their contents; to the extent any allegations are inconsistent with the FEIS and the ROD they are denied.

88.     The allegations in this Paragraph purport to quote and/or characterize the FEIS and ROD, which speak for themselves and are the best evidence of their contents; to the extent any allegations are inconsistent with the FEIS and the ROD they are denied.

89.     The allegation regarding the location of the Richardson School purports to characterize the FEIS, which speaks for itself and is the best evidence of its contents; to the extent the allegation is inconsistent with the FEIS it is denied.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

90.     The allegations in this Paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the FEIS they are denied.  Otherwise, this Paragraph provides Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

91.     The allegations in this Paragraph purport to quote and characterize the FEIS and ROD, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the FEIS or ROD, they are denied.  Otherwise, this Paragraph provides Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

92.     Defendants deny the allegations in this Paragraph.

93.     The allegations in this Paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the FEIS they are denied.  Otherwise, this Paragraph provides Plaintiff's legal conclusions,

to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

## COUNT V
### Violation of NEPA – Failure to Take a Hard Look at Air Quality Impacts of Criteria and Hazardous Air Pollutants

94.     Defendants adopt by reference their responses to Paragraphs 1-93.

95.     The allegations in this Paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the FEIS they are denied.  Otherwise, this Paragraph provides Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

96.     The allegations in this Paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; to the extent any allegations are inconsistent with the FEIS they are denied.

97.     The allegations in this Paragraph purport to characterize the FEIS and ROD, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the FEIS and ROD they are denied.

98.     The allegations in this Paragraph purport to characterize unnamed studies, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the unnamed studies, they are denied.  Otherwise, this Paragraph provides Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

99.     The allegations in this Paragraph purport to characterize the FEIS and ROD, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the FEIS and ROD they are denied.

100.     The allegations in this Paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; to the extent any allegations are inconsistent with the FEIS they are denied.

101.     Defendants deny the allegations in this Paragraph.

## COUNT VI
### Violation of NEPA – Failure to Adequately Address Alternatives

102.     Defendants adopt by reference their responses to Paragraphs 1-101.

103.     The allegations in this Paragraph purport to characterize the FEIS and ROD, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the FEIS and ROD they are denied.  Otherwise, this Paragraph provides Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

104.     The allegations in this Paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; to the extent any allegations are inconsistent with the FEIS they are denied.

105.     The allegations in this Paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; to the extent any allegations are inconsistent with the FEIS they are denied.

106.     The allegations in this Paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; to the extent any allegations are inconsistent with the FEIS they are denied.

107.    The allegations in this Paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; to the extent any allegations are inconsistent with the FEIS they are denied.

108.    The allegations in this Paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the FEIS they are denied.  Otherwise, this Paragraph provides Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

109.    The allegations in this Paragraph provide Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

110.    The allegations in this Paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the FEIS they are denied.  Otherwise, this Paragraph provides Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

111.    The allegations in this Paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; to the extent any allegations are inconsistent with the FEIS they are denied.

112.    Defendants deny the allegations in this Paragraph.

113.    Defendants deny the allegations in this Paragraph.

**COUNT VII**
**Violation of NEPA – Failure to Adequately Consider Climate Change**

114.    Defendants adopt by reference their responses to Paragraphs 1-113.

115.    The allegations in this Paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; to the extent any allegations are inconsistent with the FEIS they are denied.

116.    Defendants admit that the FEIS states that deployment of F-35s will "modestly increase" greenhouse gas emissions.  The remaining allegations in this Paragraph provide Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny those allegations.

117.    The allegations in this Paragraph provide Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

118.    The allegations in this Paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the FEIS they are denied.  Otherwise, the allegations in this Paragraph are vague and speculative and are denied on that basis.

119.    The allegations in this Paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the FEIS, they are denied.

120.    Defendants deny the allegations in this Paragraph.

121.    The allegations in this Paragraph purport to characterize the FEIS and ROD, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the FEIS and ROD they are denied.  Otherwise, this Paragraph

17

provides Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

## COUNT VIII
### Violation of NEPA and the APA – Failure to Provide Adequate Notice and Public Participation

122.    Defendants adopt by reference their responses to Paragraphs 1-121.

123.    The allegations in this Paragraph provide Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

124.    The allegations in this Paragraph purport to characterize the referenced notices, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the notices they are denied.  Otherwise, this Paragraph provides Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

125.    The allegations in this Paragraph are vague and speculative and are denied on that basis.

126.    Defendants admit the allegations in this Paragraph.

127.    The allegations in this Paragraph are vague and speculative and are denied on that basis.

128.    The allegations in this Paragraph provide Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

**COUNT IX**
**Violation of NEPA and the APA – Failure to Produce a Supplemental Environmental Impact Statement**

129.     Defendants adopt by reference their responses to Paragraphs 1-128.

130.     The allegations in this Paragraph provide Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

**COUNT X**
**Failure to Take a Hard Look at Impacts on Wildlife**

131.     Defendants adopt by reference their response to Paragraphs 1-130.

132.     The allegations in this Paragraph purport to characterize the FEIS and ROD, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the FEIS and ROD they are denied.  Otherwise, this Paragraph provides Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

133.     Defendants admit that a portion of Cherokee Marsh's 2,000 acres of wetland is newly included in the "65 dB DNL" in the FEIS.  Defendants deny the remaining allegations in this Paragraph.

134.     Defendants admit that no survey of Cherokee Marsh was conducted.  Defendants deny that they failed to do so.

135.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

136.     The allegations in this Paragraph provide Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

## COUNT XI
## Violation of the Administrative Procedure Act

137.    Defendants adopt by reference their responses to Paragraphs 1-136.

138.    Defendants deny the allegations in this Paragraph.

## DEMAND FOR RELIEF

Paragraphs 1 through 4, under the caption "Demand for Relief," provide Plaintiff's prayers for relief.  To the extent the Federal Rules of Civil Procedure or this Court require a response, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## <u>GENERAL DENIAL</u>

All of the allegations in Plaintiff's Complaint which have not been specifically admitted, denied, or otherwise answered are hereby denied.

## <u>DEFENSES</u>

1.    Plaintiff lacks standing to assert the claims alleged in the Complaint.

2.    Plaintiff fails to state a claim upon which relief can be granted.

3.    Plaintiff has failed to exhaust its administrative remedies for some or all of its claims.

## **PRAYER**

For the foregoing reasons, Defendants request that the Court dismiss the Complaint in its entirety, render judgment for Defendants and against Plaintiff, and grant Defendants such other and further relief that the nature of the case and justice requires.

Respectfully submitted this 18th day of May, 2021,

JEAN E. WILLIAMS
Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

*/s/ Gregory M. Cumming*
Gregory M. Cumming (D.C. Bar No. 1018173)
Ashley Carter (OR Bar No. 165397)
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
150 M St., N.E.
Washington, D.C. 20002
(202) 598-0414 (phone)
gregory.cumming@usdoj.gov

*Counsel for Defendants*